Johnson, J.
It is not pretended that the sheriff did advertise the property of Ogilvie otherwise than in the Ga*-settes printed in the town of Columbia, and the act of 1808 (2 Brev. 226,) referred to in the report, expressly provides, that in such case he shall be allowed to “ receive the costs of printing such advertisements, and none other charge for advertising,” which is conclusive on all the questions arising out of the particular case, and it is ordered that the bill of costs foe taxed accordingly.
The practice with respect to the other points made in this case has heretofore been very varient, and the court have,, therefore, thought it advisable to take this opportunity of expressing an opinion upon it. These points involve the following questions.—
1 st. Whether the sheriff is entitled to charge for manuscript advertisements, where a Gazette is printed in the district?
2nd. Whether, when manuscript advertisements are necessary, he is entitled to the fee of $1 for advertising the same property at the same time at the suit of several different plaintiffs?
The solution of the first of these questions obviously depends on the circumstance, whether the sheriff is or is not bound to put up manuscript advertisements in those districts where Gazettes are printed.
The act of 1797 (2 Faust 147.) regulating the mode in which property taken in execution shall be advertised for sale, provides that when the property is for sale in the district ♦here Gazettes are printed, the advertisement shall be pub- *294 fished in one or more of them and where there are no Gazettes printed,’ the notice or notices shall be put up at ther court-house door, and two other places in the district &c.”
James J. Holmes for 0‘Gilvie,
J. J. Chappell for Becket.
It is not pretended that this act makes it the duty of the sheriff to put up manuscript advertisements where there are Gazettes, but that the words, “ and also advertise as heretofore,” used in the conclusion of the clause of the act of 1808, taken in connection with it, renders it necessary. But on looking into both the acts and reading them together it will be seen that, the intention of the Legislature was to provide for the publication of advertisements in a Gazette, when there was one printed within forty miles of the court house, although out of the district, and in that case manuscript advertisements are also rendered necessary, and consequently the sheriff’s would be entitled to have the printers bill refunded, as also the fee for the manuscript advertisements.
With respect to the second question, it is apparent, whether we regard the spirit or literal interpretation of the act of 1808, that the sheriff is only entitled to the fee of ‡1 for advertising for the first, and 50 cents for the each subsequent, sale day of the same property, without reference to the number of executions levied on it. And if we regard the reasonableness of the compensation, we cannot but be satisfied with the result. All the service which necessity or usage requires is, tlie addition of the names of the several plaintiffs at whose suit the property is advertised.
2ST. B. The printer’s charge for advertizing was stated, by Mr. D. Faust to be “ for a square or under, for one insertion 64 cents, for S insertions $1,50:” So that Mr. Sheriff would have made large profits upon this speculation, .